

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TAYLOR FREELAND AND JOSH FREELAND, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:18-CV-845-A |
| TARRANT COUNTY, TEXAS, ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Tarrant County, Texas ("County") and Sheriff Bill Waybourn ("Sheriff"), to dismiss. Plaintiffs, Taylor Freeland and Josh Freeland, have failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

### Background

On October 12, 2018, plaintiffs filed their original complaint in this action, purporting to bring claims individually and on behalf of the Estate of Billy Larae Freeland ("Freeland"). Doc.[1] 1. By order signed October 24, 2018, the court ordered plaintiffs to file a document providing proof of their authority to proceed on behalf of Freeland's estate. Doc. 5. On November 2,

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

2018, plaintiffs filed a motion for leave to file their first amended complaint. Doc. 8. By order signed that same day, the court granted plaintiffs leave to file an amended complaint provided that they allege facts therein to show their authority to proceed on behalf of Freeland's estate. Doc. 10. On November 14, 2018, defendants filed a motion to dismiss and appendix in support thereof. Docs. 12, 13. On November 15, 2018, plaintiffs filed a motion for leave to file their second amended complaint in which they acknowledged that they were not the proper parties to bring a survival action on behalf of Freeland's estate. Doc. 14. The court denied the motion as presented, but granted plaintiffs leave to file an amended complaint. Doc. 15. Thereafter, on November 30, 2018, plaintiffs filed their first amended complaint. Doc. 18. Defendants' motion to dismiss was denied as moot. Doc. 19.

On December 11, 2018, defendants filed their motion to dismiss plaintiffs' first amended complaint, which is now before the court. Doc. 20. Plaintiffs have thrice sought and been granted extensions of time in which to respond. Docs. 22, 23, 24, 25, 26, 27. They have failed to do so.

## II.

## Plaintiffs' Claims

In their first amended complaint, plaintiffs allege:

Their father, Freeland, was an alcoholic. Doc. 18, ¶ 2. Following a conviction for driving while intoxicated, on October 18, 2017, Freeland was booked into the Tarrant County Jail. Id. ¶ 8. Booking documents reflect Freeland's history of alcohol abuse and family members notified jail personnel that Freeland was likely to suffer side effects from alcohol withdrawal. Id. On October 20, jail records note that Freeland was unwilling to let the nurse obtain his vital signs or assess him; that he was naked in his cell, talking to the wall; that he was agitated, picking at the wall and yelling at the nurse to leave him alone; and that he was not oriented to place or time. Id. ¶ 9. On that day, he was relocated to the infirmary floor where his condition was monitored. Id. ¶ 9. On October 23, Freeland was lying on the cell floor, experiencing hallucinations, arm tremors, and labored breathing; he was disoriented; he was combative and resistant during assessment by nurses. Id. After almost five days in custody, Freeland was taken to the emergency room at JPS Hospital. Id. ¶ 11. He was suffering from acute respiratory and renal failure, was mumbling incoherently, and was essentially

3

unresponsive. Id. He was placed in intensive care, but never regained consciousness and died on November 4. Id.

Plaintiffs allege that, as survivors, they are entitled to recover for defendants' violation of 42 U.S.C. § 1983 in denying Freeland medical care to which he was entitled.

III.

Grounds of the Motion

Defendants urge five grounds in support of their motion. First, the claims against Sheriff are duplicative of those against County and must be dismissed. Second, plaintiffs have not pleaded facts to show deliberate indifference. Third, plaintiffs have failed to allege a plausible municipal liability claim. Fourth, plaintiffs have failed to demonstrate standing to bring wrongful death claims. And, fifth, plaintiffs have not pleaded a viable claim under the Texas Constitution. Doc. 20 at 3.

IV.

Applicable Pleading Standards

A. Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of

public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

B.  Vicarious Liability

The law is clearly established that the doctrine of respondent superior does not apply to § 1983 actions. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990). Liability may be imposed against a governmental entity only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. Connick v. Thompson, 563 U.S. 51, 60 (2011). Local governments are responsible only for their own illegal acts. Id. (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)). Thus, plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Monell, 436 U.S. at 691. Specifically, there must be an affirmative link between the

policy and the particular constitutional violation alleged. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

Proof of a single incident of unconstitutional activity is not sufficient to impose liability, unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a municipal policymaker. Tuttle, 471 U.S. at 823-24. (If the policy itself is not unconstitutional, considerably more proof than a single incident will be necessary to establish both the requisite fault and the causal connection between the policy and the constitutional deprivation. Id. at 824.) Thus, to establish governmental liability requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued en banc in response to a motion for rehearing in Bennett v. City of Slidell:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

8

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992); McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989); Languirand v. Hayden, 717 F.2d 220, 227-28 (5th Cir. 1983).

C. Deliberate Indifference to Medical Needs

To prevail on a claim for denial of medical care, plaintiffs must show acts or omissions on the part of the actor sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). That is, they must show that the actor both knew of and disregarded an excessive risk to Freeman's health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The showing requires an inquiry into the actor's state of mind. Id. at 838. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder,

9

105 F.3d 1059, 1061 (5th Cir. 1997)(citing Estelle, 429 U.S. at 105-06). The standard is extremely high, requiring evidence of egregious intentional conduct. Gobert v. Caldwell, 463 F.3d 339, 346, 351 (5th Cir. 2006). The actor must have "refused to treat [Freeman], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. at 346. See Estelle, 429 U.S. at 104 n.10 (citing cases of deliberate indifference by prison doctors). Mere delay in medical care constitutes an Eighth Amendment violation only if there has been deliberate indifference that resulted in substantial harm. Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006).

V.

Analysis

A. Claims Against Sheriff

Plaintiffs sue Sheriff in his official capacity.[2] Doc. 18, ¶ 7. The law is clear that a suit against a defendant in his official capacity is a suit against his employer. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiffs' claims against Sheriff are duplicative of the claims against County and must be

---

[2] If plaintiffs intended to sue Sheriff in his individual capacity, they failed to allege any facts to show that he was personally involved in any deprivation of Freeman's rights. That is, they have not alleged any acts or omissions on Sheriff's part to evince deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

10

dismissed. Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001); Fisher v. Dallas Cty., No. 3:12-CV-3604-D, 2014 WL 4797006, at *6 (N.D. Tex. Sept. 26, 2014).

B.  Claims Against County

Plaintiffs have not alleged sufficient facts to establish a claim of liability against County. Although they allege that Sheriff was a policymaker, they have not established an official policy, custom, or practice of County that caused a violation of Freeman's constitutional rights. They have alleged nothing more than conclusory allegations. And, the facts they have pleaded show that Freeman received medical treatment and care.[3] See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999)(active treatment of medical conditions even if negligently administered, does not constitute deliberate indifference); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995)(medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference).

Plaintiffs refer to the Texas Constitution in their amended complaint. Doc. 18, ¶ 19. However, Texas does not have an implied private right of action for damages for violation of constitutional rights. City of Beaumont v. Bouillion, 896 S.W.2d

---

[3]Defendants have provided in their appendix copies of the jail records plaintiffs quote and reference in their amended complaint. Doc. 21.

11

143, 147-48 (Tex. 1995). That is, Texas does not have a § 1983 equivalent. <u>Allison v. City of Fort Worth</u>, 60 F. Supp. 2d 589, 596 (N.D. Tex. 1999).

VI.

Order

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that plaintiffs' claims against defendants be, and are hereby, dismissed.

SIGNED January 28, 2019.

_____
JOHN McBRYDE
United States District Judge